IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| DAVID W. POWELL AND LUCRETIA A. POWELL<br>*Plaintiffs,*<br><br>V.<br><br>STATE FARM LLOYDS<br>*Defendant.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 2:24-CV-376<br>(JURY) |

## PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, David Powell and Lucretia Powell, hereinafter referred to as "Plaintiffs," complaining of State Farm Lloyds (hereinafter "Defendant" or "State Farm"), and for cause of action would respectfully show unto this Honorable Court and Jury as follows:

### I.
### PARTIES

1. Plaintiffs are individuals residing in Henderson, Rusk County, Texas.

2. Defendant State Farm is a foreign insurance company engaging in the business of insurance in the State of Texas. This Defendant may be served with process by serving its registered agent for service: Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701. The Clerk is requested to issue Citation.

### II.
### JURISDICTION

3. The court has jurisdiction under the provisions of 28 U.S.C. § 1332 in that the amount in controversy exceeds $75,000.00, excluding interest and costs and the parties are citizens of different states. 28 U.S.C. § 1332(a)

4.  The court has jurisdiction over Defendant State Farm because this Defendant engages in the business of insurance in the State of Texas and Plaintiffs' causes of action arise out of this Defendant's business activities in the State of Texas.

### III.
### VENUE

5.  Venue is proper in this district under 28 U.S.C. §1391(b)(2) because a substantial part of the events of omissions giving rise to this claim occurred in this district.

### IV.
### FACTS

6.  Plaintiffs are the owners of an insurance policy (hereinafter referred to as "the Policy"), which was issued by Defendant State Farm. Plaintiffs own the insured property, which is specifically located at 1830 County Road 421 N, Henderson, Texas 75652 (hereinafter referred to as "the Property").

7.  Defendant State Farm sold the Policy insuring the Property to Plaintiffs.

8.  On or about April 5, 2022, Plaintiffs suffered extensive damages to their property resulting from heavy winds. A tree fell on the property causing significant structural damage. Plaintiffs immediately notified Defendant State Farm that a loss had occurred, and State Farm began the claims adjusting process.

9.  State Farm continuously undervalued Plaintiffs' loss, forcing Plaintiffs to invoke the appraisal process under their insurance policy with State Farm. Defendant State Farm told Plaintiffs that in order to move forward, they would need to retain a structural engineer. Plaintiffs did so, and Plaintiffs' structural engineer disproved State Farm's causation findings. State Farm required Plaintiffs' engineer to create multiple responses to State Farm's absurd causation findings needlessly driving up the costs incurred by Plaintiffs. After a long and difficult appraisal process, State Farm was found to owe a significant amount of additional funds. State Farm agreed to issue

payment on the appraisal award for the dwelling and other structures damages but has refused to issue payment for Plaintiffs' lost rental income, attorney's fees, penalties and interest owed on the undisputed payments that were made prior to the appraisal process being invoked, and the additional claim expenses State Farm forced Plaintiffs to incur to counter State Farm's erroneous coverage position.

10. Defendant State Farm failed to perform its contractual duties to adequately compensate Plaintiffs under the terms of the Policy in effect during Plaintiffs' loss. Specifically, Defendant State Farm refused to pay the full proceeds owed under the Policy, although due demand was made for the proceeds to be paid in full in an amount sufficient to cover the damaged property and all conditions precedent to recover upon the Policy in question had been carried out and accomplished by Plaintiffs. Defendant State Farm's conduct constitutes a breach of the insurance contract between Defendant State Farm and Plaintiffs.

11. Defendant State Farm retained a biased engineer for the sole purpose of limiting its financial liability to Plaintiffs. Defendant performed an outcome-oriented investigation that was not based on sound scientific or engineering principles. State Farm's reliance on substandard engineering constitutes a breach of the common law duty of good faith and fair dealing, as well as violations of the Texas Insurance Code.

12. Defendant also refused to tender any payment for Plaintiffs' lost rent and/or loss of use. Defendant wrongfully delayed the full payment of Plaintiffs' damages for months yet has steadfastly refused to issue payment for the wrongful delays damages State Farm caused Plaintiff to incur. These damages constitute an independent tort injury caused by State Farm's wrongful refusal to pay Plaintiff's damages in full.

13. As a result of Defendant's wrongful acts and omissions, Plaintiffs were forced to retain the professional services of the law firms who are representing Plaintiffs with respect to these causes of action.

14. Defendant misrepresented the amount of covered damage to the Property, even though there was damage caused by a covered occurrence. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX.INS.CODE §541.060(a)(1).

15. Defendant failed to make an attempt to settle Plaintiffs' claim in a fair manner, although Defendant was aware of its liability to Plaintiffs under the Policy. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX.INS.CODE §541.060(a)(2)(A).

16. Defendant failed to explain to Plaintiffs the reasons for their offer of an inadequate settlement. Specifically, Defendant failed to offer Plaintiffs adequate compensation, without any explanation why full payment was not being made. Furthermore, Defendant did not communicate that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did Defendant provide any explanation for the failure to adequately settle Plaintiffs' claim. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX.INS.CODE §541.060(a)(3).

17. Defendant failed to affirm or deny coverage of Plaintiffs' claim within a reasonable time. Specifically, Plaintiffs did not receive timely indication of acceptance or rejection, regarding the full and entire claims, in writing from Defendant. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX.INS.CODE §541.060(a)(4).

18. Defendant refused to fully compensate Plaintiffs, under the terms of the Policy, even though Defendant failed to conduct a reasonable investigation. Specifically, Defendant

performed an outcome-oriented investigation of Plaintiffs' claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiffs' claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiffs' loss on the Property. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX.INS.CODE §541.060(a)(7).

19. Defendant State Farm failed to meet its obligations under the Texas Insurance Code regarding the timely acknowledgement of Plaintiffs' claim, beginning an investigation of Plaintiffs' claim and requesting all information reasonably necessary to investigate Plaintiffs' claim within the statutorily mandated time of receiving notice of Plaintiffs' claim. Defendant State Farm's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX.INS.CODE §542.055.

20. Defendant State Farm failed to accept or deny Plaintiffs' full and entire claim within the statutorily mandated time of receiving all necessary information. Defendant State Farm's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX.INS.CODE §542.056.

21. Defendant State Farm failed to meet its obligations under the Texas Insurance Code regarding payment of claims without delay. Specifically, Defendant State Farm has delayed full payment of Plaintiffs' claim longer than allowed and, to date, Plaintiffs have not yet received full payment for their claim. Defendant State Farm's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX.INS.CODE §542.058.

22. From and after the time Plaintiffs' claim was presented to Defendant State Farm, the liability of Defendant State Farm to pay the full claims in accordance with the terms of the Policy was reasonably clear. However, Defendant has refused to pay Plaintiffs in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to

deny the full payment. Defendant State Farm's conduct constitutes a breach of the common law duty of good faith and fair dealing.

23. Defendant knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed material information from Plaintiffs.

24. As a result of Defendant's wrongful acts and omissions, Plaintiffs w forced to retain the professional services of the law firms who are representing Plaintiffs with respect to these causes of action.

## V.
## CAUSES OF ACTION

25. Defendant State Farm is liable to Plaintiffs for intentional breach of contract, as well as intentional violations of the Texas Insurance Code and intentional breach of the common law duty of good faith and fair dealing.

### BREACH OF CONTRACT

26. Defendant State Farm's conduct constitutes a breach of the insurance contract made between Defendant State Farm and Plaintiffs.

27. Defendant State Farm's failure and refusal, as described above, to pay the adequate compensation it is obligated to pay under the terms of the Policy in question and under the laws of the State of Texas, constitutes a breach of Defendant State Farm's insurance contract with Plaintiff. As a result of Defendant's breach of a valid contract of insurance, Plaintiffs were deprived of the benefit of their bargain and also have had to incur attorneys' fees prosecuting this matter which State Farm should have simply paid what it was found to owe in addition to the appraisal award.

28. Further, Plaintiff has had to incur consequential damages as a result of Defendant's wrongful denial of Plaintiffs' claim. Specifically, Plaintiff was told by Defendant that he needed

to retain an engineer in spite of the policy not requiring any such act by Plaintiffs. This was foreseeable to Defendant, and Defendant was ultimately wrong about its coverage position.

### NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

29. Defendant State Farm's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX.INS.CODE §541.060(a). All violations under this article are made actionable by TEX.INS.CODE §541.151.

30. Defendant State Farm's unfair settlement practice, as described above, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(a)(1).

31. Defendant State Farm's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Defendant State Farm's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(a)(2)(A).

32. Defendant State Farms's unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(a)(3).

33. Defendant State Farm's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiffs or to submit a reservation of rights to Plaintiffs, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(a)(4).

34. Defendant State Farm's unfair settlement practice, as described above, of refusing to pay Plaintiffs' claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(a)(7).

35. Defendant State Farm's conduct described above compelled Plaintiffs to initiate a lawsuit to recover amounts due under its policy, including penalties, interest and increased attorney's fees, by offering substantially less than the amount due. This continued failure compelled Plaintiffs to file suit. TEX.INS.CODE §542.003(a)(5).

### NONCOMPLIANCE WITH TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

36. Defendant State Farm's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by TEX.INS.CODE §542.060.

37. Defendant State Farm's failure to acknowledge receipt of Plaintiffs' claim, commence investigation of the claim, and request from Plaintiffs all items, statements, and forms that they reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of TEX.INS.CODE §542.055.

38. Defendant State Farm's failure to notify Plaintiffs in writing of its acceptance or rejection of the claim within the applicable time constraints, constitutes a non-prompt payment of the claim within the applicable time constraints and a violation of TEX.INS.CODE §542.056.

39. Defendant State Farm's delay of the payment of Plaintiffs' claim following its receipt of all items, statements, and forms reasonably requested and required, for longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim. TEX.INS.CODE §542.058.

### BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

40. Defendant State Farm's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insured in insurance contracts.

41. Defendant State Farm's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiffs' claim, although, at that time, Defendant State Farm knew or should have known by the exercise of reasonable diligence that its liability was reasonable clear, constitutes a breach of the duty of good faith and fair dealing.

## VI.
## KNOWLEDGE

42. Each of the acts described above, together and singularly, was done "knowingly" and "intentionally" as that term is used in the Texas Insurance Code and was a producing cause of Plaintiffs' damages described herein.

## VII.
## DAMAGES

43. Plaintiffs will show that all the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiffs.

44. For breach of contract, Plaintiffs are entitled to regain the benefit of Plaintiffs' bargain, which is the amount of Plaintiffs' claim, together with attorney fees.

45. For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiffs are entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the Policy, mental anguish, court costs and attorney's fees. For knowing conduct of the acts complained of, Plaintiffs ask for three times Plaintiffs' actual damages. TEX.INS.CODE §541.152.

46. For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiffs are entitled to the amount of Plaintiffs' claim, as well as eighteen (18) percent interest

per annum of the amount of Plaintiffs' claim as damages, together with attorney's fees. TEX.INS.CODE §542.060.

47. For breach of the common law duty of good faith and fair dealing, Plaintiffs are entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages and damages for emotional distress.

48. For the prosecution and collection of these claims, Plaintiffs have been compelled to engage the services of the law firms whose names are subscribed to this pleading. Therefore, Plaintiffs are entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorneys in the preparation and trial of this action, including any appeals to the First Circuit Court of Appeals and/or the Supreme Court of the United States of America.

## VIII.
## JURY DEMAND

49. Plaintiffs assert their rights under the Seventh Amendment to the United States Constitution and demands, in accordance with Federal Rule of Civil Procedure 38, a trial by jury on all issues.

## PRAYER

50. WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that upon trial hereof, said Plaintiffs may recover such sums as would reasonably and justly compensate Plaintiffs in accordance with the rules of law and procedure, both as to actual damages, statutory penalties and interest, treble damages under the Texas Insurance Code and all punitive and exemplary damages as may be found. In addition, Plaintiffs request the award of attorney's fees for the trial and any appeal of this case, for all costs of Court on Plaintiffs' behalf expended, for pre-judgment and post-

judgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which Plaintiffs may show themselves to be justly entitled.

Respectfully submitted,

**HAUN MENA, PLLC**

/s/ *Ryan K. Haun*
Ryan K. Haun
State Bar No.: 24055634
D. Douglas Mena
State Bar No.: 24054982
3006 Brazos Street
Houston, Texas 77006
(713) 781-8600 – Tel
(713) 781-8601 – Fax
ryan@haunmena.com
doug@haunmena.com

**ATTORNEYS FOR PLAINTIFFS**

AND

**PHENIX & CRUMP, LLC**

/s/ *Rusty Phenix*
J.R. "Rusty" Phenix
State Bar No.: 15908300
PO Box 1005
Henderson, Texas 75653
(903) 657-3595 - Tel
(903) 657-3598 – Fax
rusty@phenixlawfirm.com

**ATTORNEY FOR PLAINTIFFS**